UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11691-RGS

AMY HALEY

v.

EXECUTIVE OFFICE OF HEALTH
AND HUMAN SERVICES

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

April 26, 2024

STEARNS, D.J.

Amy Haley brings this discrimination action against her former employer, the Executive Office of Health and Human Services (EOHHS), the umbrella agency housing the Springfield office of the Massachusetts Department of Developmental Services. She asserts that defendant discriminated against her on the basis of religion in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a), when it terminated her in the fall of 2021 for failing to comply with its COVID-19 vaccination requirement. Defendant now moves for summary judgment. For the following reasons, the court will allow the motion.

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Courts assess religious discrimination claims under Title VII using a two-part framework:

> First, a plaintiff must make his prima facie case that a bona fide religious practice conflicts with an employment requirement and was the reason for the adverse employment action. The burden then shifts to the employer to show that it offered a reasonable accommodation or, if it did not offer an accommodation, that doing so would have resulted in undue hardship.

*Lowe v. Mills*, 68 F.4th 706, 719 (1st Cir. 2023) (cleaned up). Here, the court need not decide whether Haley has made her prima facie case because, even assuming she has, her claim fails at the undue hardship stage.

As the Supreme Court recently clarified in *Groff v. DeJoy*, 600 U.S. 447 (2023), an accommodation poses undue hardship "when [the] burden is substantial in the overall context of an employer's business." *Id.* at 468. In determining whether a burden is substantial, a court must consider "all relevant factors in the case at hand, including the particular accommodations at issue, and their practical impact in light of the nature, size and operating cost of [an] employer." *Id.* at 470-471 (internal quotation marks and citations omitted) (alteration in original).

Defendant proffers evidence that (1) Haley could not work exclusively remotely because conducting in-person meetings with applicants and new hires to verify their identity for processing Criminal Offense Record Information and I-9s was an essential function of her job; (2) Haley could not work in-person while she remained unvaccinated without risking the health and safety of her coworkers (some of whom were providing direct care for populations particularly vulnerable to COVID-19 because of their age or living situation); and (3) any feasible accommodation would have imposed "substantial increased costs" on EOHHS.[1] *Id.* at 470.

---

[1] The court declines to strike the testimony of Dr. Lawrence Madoff. Contrary to Haley's assumption, an expert is not required to rely only on his own primary research in forming an opinion. *See, e.g.*, *Crowe v. Marchand*, 506 F.3d 13, 17 (1st Cir. 2007). And to the extent Haley challenges the merits of the research upon which Dr. Madoff relies or his lack of scientific certainty

3

Haley does not dispute that, if the vaccine provides protection against COVID-19 infection and unvaccinated individuals are consequently at higher risk of transmitting the disease, this evidence suffices to show that accommodating her request would "substantial[ly]" burden the agency's operations.[2] *Id.* at 468. She challenges only the underlying assumption that the vaccine protects against infection. *See* Pl.'s Opp'n to Mot. for Summ. J. (Pl.'s Opp'n) [Dkt # 16] at 7 ("This is Defendants' central contention, that the vaccines protect against infection and that unvaccinated individuals are at higher risk of transmitting COVID-19."). The problem is this: the record is devoid of any evidence from which a reasonable juror could give credence to her medical hypothesis.

Haley points to a statement by a spokesperson of the U.S. Food and Drug Administration (FDA) that the vaccine does not protect against infection with the SARS-CoV-2 virus. But even assuming this statement is admissible non-hearsay, the quote is taken out of context. When the relevant

---

about absolute risk, her arguments are more properly attributed to weight rather than admissibility. *See Costa v. FCA US LLC*, 2022 WL 18910359, at *3 (D. Mass. Sept. 30, 2022).

[2] This is wise. Courts across the country have found similar evidence sufficient to establish undue hardship. *See, e.g., Conner v. Raver*, 2023 WL 5498728, at *6 (N.D. Cal. Aug. 24, 2023); *Beickert v. N.Y.C. Dep't of Educ.*, 2023 WL 6214236, at *5-6 (E.D.N.Y. Sept. 25, 2023).

paragraph is read as a whole, it becomes clear that the FDA official was merely clarifying that the vaccine is designed to prevent infection with the *disease* caused by the SARS-CoV-2 virus and not infection by the virus itself. *See* Pl.'s Opp'n, Ex. 3 at 12. So understood, the statement affirms rather than casts doubt upon the efficacy of the vaccine in protecting against COVID-19.

## ORDER

For the foregoing reasons, the motion for summary judgment is ALLOWED. The Clerk shall enter judgment against Haley and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE